**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **1:25-cr-15–WLS-ALS** |
| **KANDICE CLYDE and DEVON RAMBO,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Before the Court is Defendant Devon Rambo's ("Rambo") Consolidated Motion (Doc. 85) ("Motion") in which he moves for an Order: (1) authorizing counsel to submit a limited confidential attorney statement ex parte and in camera and maintain it under seal; (2) continuing the evidentiary competency hearing presently scheduled for September 2, 2026, at 2:00 p.m., while retaining that date and time as a status conference; and (3) continuing the October 2026 trial setting. Rambo's counsel, John Phillip Cannon, represents that Government's counsel does not object or takes no position as to Rambo's requests, as explained further below, and that Co-Defendant Kandice Clyde's ("Clyde") position concerning the relief requested in the Motion is unknown at this time. The Court addresses each request in turn.

### I. Submission of Attorney Statement Ex Parte and In Camera

Mr. Cannon states he has information he believes the Court may need to determine the appropriate procedure and case-management schedule in this matter. This information concerns "present attorney-client communication, counsel's firsthand observations during consultation, and the practical effect of those circumstances upon competency-related preparation and trial preparation." (Doc. 85 at 2). Mr. Cannon states that public disclosure would unnecessarily expose sensitive information which could reveal defense strategy and impair the relationship Mr. Cannon is attempting to preserve. (*Id.*). He requests the Court authorize ex parte, in camera submission of his limited statement, maintain the statement under seal, excuse service unless the Court orders otherwise, and afford him an opportunity

to withdraw or redact the statement before any public disclosure or disclosure to another party. Mr. Cannon clarifies that the Government lack of objection is limited to him making the request to submit his statement ex parte and in camera, and he does not characterize the Government's position as authorizing an ex parte communication, waiving any right to request disclosure, or to participate in deciding the procedure the Court should employ.

For good cause shown as discussed above, and as set forth in the Motion (Doc. 85) at 2), Rambo's request for Mr. Cannon to submit an ex parte, in camera, limited statement is **GRANTED**. On or before **Wednesday, August 26, 2026**, Mr. Cannon shall submit such statement in compliance with the Middle District of Georgia Local Rules and seal-document procedures. Upon receipt and review, the Court will consider whether any notice or further action is necessary or required and will issue the appropriate order.

## II. CONTINUATION OF COMPETENCY HEARING AND SETTING STATUS CONFERENCE

Rambo requests a continuance of the September 2, 2026 competency hearing because Mr. Cannon requires additional time to review the competency evaluation with Rambo, determine whether further records or expert consultation are needed, and assess Rambo's present ability to assist in his defense. Mr. Cannon's proposed confidential statement contains particulars regarding Mr. Cannon's "significant difficulty maintaining sustained communication with [Rambo] above the pending charge and trial preparation." (Doc. 85 at 3). The Government does not object to changing the scheduled competency hearing to a status conference.

For good cause shown as discussed above, and as set forth in the Motion (Doc. 85) at 2–3), Rambo's request that the competency hearing be continued and that a status conference be set in its place is **GRANTED**.

Accordingly, the competency hearing scheduled for September 2, 2026, is **CANCELLED** and this matter is set for a status conference on **Wednesday, September 2, 2026, at 2:00 p.m.**

## III. CONTINUANCE OF CASE FROM THE OCTOBER 2026 ALBANY TRIAL TERM

Rambo requests a continuance of this case because communications between Rambo and Mr. Cannon have been delayed during the time Rambo was in California for a competency

evaluation. Mr. Cannon also states that Rambo has recently identified new factual assertions, potential evidence and investigative issues that need to be examined, as well as additional trial preparation that must be completed as described in the Motion (Doc. 85 at 3–4). Mr. Cannon represents that the Government takes no position on the request to continue the trial and Co-Defendant Clyde's position is unknown.

Rambo states that the delay attributable to proceedings concerning mental competency are excluded from the calculation of the Speedy Trial Act deadline under 18 U.S.C. § 3161(h)(1)(A), and that an ends-of-justice continuance is appropriate under § 3161(h)(7)(A) and (B)(iv) because denial of additional time would deprive counsel of the reasonable time necessary for effective preparation despite due diligence and could produce an unreliable competency determination or inadequately prepared trial.

Further, as to Co-Defendant Clyde, § 3161(h)(6) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The Record reflects that Rambo and Clyde are currently joined for trial and no motion for severance has been granted.

Based on the foregoing, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants Rambo and Clyde in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the request to continue the trial of this matter from the October 2026 Albany Trial Term (Doc. 85 at 3–4) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Albany Division January 2027 Trial Term and its conclusion, or as may otherwise be ordered by the Court.

It is further **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to (1) § 3161(h)(1)(A) for any delay attributable to proceedings concerning the mental competency of Rambo; (2) § 3161(h)(6) because the delay is reasonable, and the Defendants Rambo and Clyde are joined for trial and no motion for severance has been granted; and (3) § 3161(h)(7)(B)(i), (iv) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice and would deny counsel for Rambo the reasonable time necessary for effective preparation despite due diligence.

## IV. CONCLUSION

Accordingly, Defendant Devon Rambo's ("Rambo") Consolidated Motion (Doc. 85) is **GRANTED**.

**SO ORDERED**, this 24th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**