IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KANDICE CLYDE and<br>DEVON RAMBO,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO:<br>1:25-cr-15–WLS-ALS |

## ORDER

On November 18, 2026, the Court held a hearing to determine whether Defendant Devon Rambo ("Rambo") is competent to proceed with this case. Thereafter, the Court discussed with counsel whether they were ready to proceed to trial.[1] Ashley Lucas, Counsel for Co-Defendant Kandice Clyde ("Clyde"), received notice of this hearing. However, neither Counsel nor Defendant Clyde appeared for the hearing.[2] This Order memorializes the hearing.

### I. Competency Hearing

On April 16, 2026, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), the Court granted Rambo's motion and ordered a mental health evaluation of Rambo.[3] (Doc. 74). On July 7, 2026, the Forensic Evaluation of E. Gonzalez, Ph.D., Forensic Psychologist with the Federal Bureau of Prisons (Doc. 78) ("Evaluation Report") regarding Rambo's competency was

---

[1] A competency hearing was scheduled for September 2, 2026, but was continued at the request of Rambo's counsel. (Docs. 85, 86, 89).

[2] An Order (Doc. 94) denying Ms. Lucas's motion to substitute counsel was entered November 13, 2026, in which Ms. Lucas was specifically ordered to appear at the hearing on behalf of her client.

[3] Section 4241(a) and (b) provide that, at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the Government may file a motion for a hearing to determine the mental competency of the defendant. Moreover, the Court shall grant the motion if "reasonable cause" exists to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Furthermore, § 4241(b) provides that the Court may order a psychiatric or psychological examination of the defendant before the date of the hearing and order the psychiatric or psychological report be filed with the Court pursuant to § 4247(b) and (c).

received and docketed. *See* § 4247(b), (c). Therein Dr. Gonzalez concludes that Rambo is competent to proceed with his case.

Section 4247(d) provides that at a competency hearing defendant "shall be represented by counsel" and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing."

"For a defendant to be competent to stand trial, he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him.'" *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005).

At the hearing, counsel for both Parties confirmed they had received the Evaluation Report which has been filed in the Record of this case. (*See* Doc. 78). Rambo's counsel confirmed that he had reviewed the Report with Rambo. Neither Party wished to present additional evidence, both Parties agreed the Report was correct, and they did not need the examiner present at the hearing. Government's counsel requested that the Court adopt the findings in the Report. Rambo's counsel advised the Court that Rambo wished to address the Court. The Court cautioned Rambo that addressing the Court directly opened Rambo up to making statements that were not in Rambo's best interests and that there was a danger of Rambo losing attorney-client privilege to matters discussed. The Court suggested Rambo speak through his counsel. When given the opportunity to directly address the Court, Rambo nonverbally declined to do so.

The Court, having thoroughly reviewed the Record in this case, including the Evaluation Report, and having heard the discussion of counsel for the Parties agreeing with the findings in the Evaluation Report, finds, consistent with the Dr. Gonzalez's opinion, that Rambo is competent. The Court concurs and finds any additional evidence or proceedings on the issue unnecessary. Specifically, the Court finds that Rambo is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *See* 18 U.S.C. § 4241(e).

Accordingly, the Court finds that Defendant Devon Rambo is competent to stand trial.

## II. Trial Readiness

The trial of this matter is currently scheduled to occur during the Court's January 2027 Albany Trial Term beginning January 4, 2027. To date, the trials of Rambo and Clyde have not been severed.

Rambo's request for the issuance of a Rule 17(c) subpoena had also been scheduled to be heard on November 18, 2026. By motion (Doc. 95) Rambo's counsel, Philip Cannon, advised the Court that he had received the documents that he intended to request pursuant to that subpoena and at his request that portion of the hearing was cancelled. (Doc. 96). During the November 18, 2026 hearing, Mr. Cannon confirmed that he had received a thumb drive containing numerous documents requested, but he needed time to review such documents. produced. Mr. Cannon requested that he be permitted to file a status report no later than **Monday, November 30, 2026**, advising the Court as to whether Rambo is ready to proceed to trial during the Court's January 2027 Albany Trial Term. In addition, the Government's Motion *in Limine* to Preclude Defendants from Asserting an Advice of Counsel Defense (Doc. 36) ("Motion *in Limine*") is pending and affects both Rambo and Clyde.

Accordingly, on or before close of business on **Monday, November 30, 2026**, Rambo, through counsel, shall file a status report notifying the Court as to whether Rambo is ready to proceed to trial. In the event, Rambo is not ready to proceed to trial, he shall promptly file the appropriate motion to continue the trial.

At the November 18, 2026 hearing, the Government indicated it was ready to proceed to trial on both Rambo's and Clyde's cases. On or before **Friday, December 4, 2026**, the Government may file such response as appropriate to Rambo's status report and any motions to sever the cases as it deems proper and desirable.

A hearing on the Motion *in Limine* will be set by separate order or notice of the Court.

**SO ORDERED**, this 20th day of November 2026.

/s/ W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT